Judge Lane
delivered the opinion of the court:
This case was reserved to settle a single point, depending upon the construction of the first section of the act of 1835, amendatory to the act directing the mode of proceeding in chancery. 33 Ohio L. 13. It enacts “that all assignments of property hereafter made by debtors to trustees in consideration oí ^insolvency, and with design to secure one class of creditors and defraud others, shall insure to the benefit of all the creditors, in proportion to the amount of their demands.”
The plaintiffs, who are among the general creditors of the Jeffreys, demand an equal distribution under this section of the statute, and deny the lawfulness of the preference the Jeffreys sought to give to their creditors. There are certain errors, either of transcription or of the, press, which affect the interpretation, and which give the phraseology of this section a very awkward appearance. The phrase, “contemplation of insolvency,” should probably be substituted for “ consideration of insolvencythe word “ insure ” is a substitute for the word “ inure,” and the word lt defraud” was probably intended to be “ defer.”
The right to prefer one creditor to another, in good faith, has always existed. During the commercial embarrassment, a few years since, debtors, in view of insolvency, adopted the plan of assignments to trustees, either to create inconvenient embarrassment upon the pursuit of debts, or to preserve their property from a compulsory sale, or to impose terms upon creditors, or to secure some other profitable result to themselves. Examples of these *397 practices may be found in 5 Ohio, 293; 7 Ohio, pt. 2, p. 246-248. Hence the statute of 1834, the terms of which, as they appear, relate to fraudulent conveyances made to trustees only. , It does not affect conveyances made to a creditor, nor a conveyance made without fraud. The statute of 1838 goes farther, and secures the equal distribution of all assignments made to trustees in view of insolvency, whether fraudulent or not. The changes in the law may, therefore, be shortly expressed.
Before 1835, fraudulent assignments being void, any individual creditor might separately pursue his rights. By the statute of 1835, assignments to trustees were made the subject of equal distribu- . tion, if fraudulent; but since the statute of 1838, all the assignments to trustees, whether fraudulent or not, if made in view of insolvency, are divided among all creditors. Conveyances, other than those made to trustees, are not affected by either statute.
There is nothing in the evidence, or in the terms of this assignment, which show it to be fraudulent. The rights of the plaintiff, therefore, are postponed to those of the enumerated creditors. '"With this expression of opinion, the case is remanded to the county for further proceedings, reserving all other questions.